IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY OLIVER, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | No. 3:22-cv-00981-N-BT |
| | § | |
| SANTANDER CONSUMER USA INC, | § | |
| | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Anthony Oliver's motion to proceed *in forma pauperis* on appeal (ECF No. 10). For the following reasons, the Court should deny Oliver's motion.

I.

To proceed *in forma pauperis* on appeal, an appellant must show financial eligibility and a nonfrivolous issue for appeal. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Under Federal Rule of Appellate Procedure 24(a)(3)(A), an appellant is ineligible for *in forma pauperis* status if the court certifies that the appeal is not taken in good faith. "Good faith" means that the issues on appeal are not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). When the underlying claims are "entirely frivolous and had no possibility of success," the appeal is not taken in good faith. *Baugh v. Taylor*, 117 F.3d 197, 201-02 (5th Cir. 1997). The determination of whether good faith exists "is limited to whether the appeal involves legal points

1

arguable on the merits (and therefore not frivolous)." *United States v. Moore*, 858 F. App'x 172, 172 (5th Cir. 2021) (per curiam) (quoting *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted)). A district court has discretion in deciding whether to grant or deny a request to proceed *in forma pauperis*. *Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982) (per curiam) (citing *Green v. Estelle*, 649 F.2d 298, 302 (5th Cir. 1981)).

II.

Oliver initiated this civil action on April 16, 2022, when he filed his *pro se* complaint. Compl. (ECF No. 3). The magistrate judge recommended that Oliver's case be dismissed as barred by the three-strikes provision of 28 U.S.C. § 1915(g), and his motion for leave to proceed *in forma pauperis* be denied as moot. FCR (ECF No. 6). Oliver did not file objections. On June 16, 2022, the Court accepted the magistrate judge's recommendation, denied Oliver's motion to proceed *in forma pauperis*, and dismissed this civil action as barred by § 1915(g). Ord. (ECF No. 7); J. (ECF No. 8).

The Court found that Oliver, a Georgia prisoner, was precluded from pursuing this civil action under the "three strikes" provision of the Prison Litigation Reform Act (PLRA), § 1915(g). *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2017). If Oliver is allowed to proceed *in forma pauperis* on appeal, his appeal will ultimately also be dismissed under § 1915(g).

2

Therefore, Oliver's appeal of the Court's dismissal of this civil action lacks merit and is therefore frivolous. *See Moore*, 858 F. App'x at 172.

### III.

The Court should find Oliver's appeal is not taken in good faith and DENY his motion for leave to proceed *in forma pauperis* on appeal.

If the Court denies Oliver's request to proceed *in forma pauperis* on appeal, he may challenge that finding, by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit within 30 days. *See Baugh*, 117 F.3d at 202; *see also* Fed. R. App. P. 24(a)(5).

Signed July 25, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

3

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).